IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LESTER RAY TOLIVER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)    No. 2:20-cv-2956-JTF-atc<br>RN HICKEY, ET AL., )<br>)<br>    Defendants. ) | |

**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO AMEND (ECF NO. 9)**

On December 31, 2020, Plaintiff Lester Ray Toliver filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) When Toliver filed the complaint, he was confined at the West Tennessee Detention Facility (the "WTDF") in Mason, Tennessee. (ECF No. 1 at PageID 2; ECF No. 1-3 at PageID 36.) On March 26, 2021, the Court granted leave to proceed *in forma pauperis* and assessed the $350 civil filing fee. (ECF No. 4.) On December 29, 2022, the Court (1) dismissed the complaint for failure to state a claim to relief, (2) granted leave to amend within twenty-one days, and (3) directed Toliver to notify the Court in writing of Toliver's current address. (ECF No. 8 (the "Screening Order").)

Toliver's deadline to amend the complaint expired on Thursday, January 29, 2023.

On January 17, 2023, Toliver filed (1) a motion for extension of time to amend the complaint (ECF No. 9 (the "Motion")) and (2) a notice of his current address at the Shelby County Correctional Facility (the "SCCF") in Memphis, Tennessee (ECF No. 10 (the "Address Notice")). The Motion contends that Toliver does "not hav[e] everything on file that [he] submitted to the Court that [he] would need in order to comply with the Court's Order [to amend]." (*Id.* at PageID 73.) Toliver says that his "legal mail, documents, [and] medical records [collectively, the 'Documents'] unfortunately w[ere] unretainable [sic]." (ECF No. 9 at PageID 74.) He says that,

"[d]ue to those [D]ocuments [being] missing[,] Toliver would be incapable of sufficiently stating truthfully of [sic] particular events that occurred in the original complaint without having each original supplement." (*Id.*)  Toliver does not specify the length of additional time he seeks to amend, and he does not describe what, if any, efforts he has made to obtain the Documents that he supposedly needs to amend his claims  (*See id.*)  The Address Notice does not identify the date when Toliver was transferred from the WTDF to the SCCF.  (*See* ECF No. 10.)

For good cause shown because of Toliver's difficulties in accessing the Documents after his transfer to the SCCF, the Court GRANTS the Motion (ECF No. 9).  Toliver is granted leave to amend ON OR BEFORE APRIL 21, 2022.  No further applications for extensions to amend will be granted to the extent those applications are based on the allegedly "missing" Documents (*see id.* at PageID 74), without prior demonstration that Toliver (1) has unsuccessfully made good faith efforts to obtain the Documents and (2) needs the Documents to amend the complaint.

The Court reminds Toliver that if he is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address.  If Toliver fails to abide by these or any other requirements of this Order, the Court may impose appropriate sanctions, up to and including dismissal of the case, without any additional notice or hearing.

**IT IS SO ORDERED**, this 7th day of April, 2023.

                                              */s/ John T. Fowlkes, Jr.*
                                              JOHN T. FOWLKES, JR.
                                              UNITED STATES DISTRICT JUDGE