UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LESTER RAY TOLIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 20-2956-JTF-atc |
| ) | |
| RN HICKEY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER DENYING PENDING MOTION (ECF NO. 15);**
**DISMISSING AMENDED COMPLAINT WITH PREJUDICE (ECF NO. 16) PURSUANT TO FED. R. CIV. P. 41(b);**
**DENYING LEAVE TO AMEND;**
**CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;**
**NOTIFYING TOLIVER OF THE APPELLATE FILING FEE;**
**NOTIFYING TOLIVER OF THE COURT'S STRIKE RECOMMENDATION UNDER 28 U.S.C. § 1915(g);**
**AND CLOSING THE CASE**

Before the Court are: (1) Plaintiff Lester Ray Toliver's *pro se* amended complaint pursuant to 42 U.S.C. § 1983 (ECF No. 16 ("Amended Complaint"); and (2) Toliver's "Motion To Discovery Packet Request" (ECF No. 15 ("Pending Motion")). For the reasons explained below: (1) the Pending Motion (ECF No. 15) is DENIED; and (2) the Amended Complaint (ECF No. 16) is DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with the Court's Orders.

**I.  PROCEDURAL BACKGROUND**

On December 31, 2020, Toliver filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)  When Toliver filed the complaint, he was confined at the West Tennessee Detention Facility (the "WTDF") in Mason, Tennessee.  (ECF

No. 1 at PageID 2; ECF No. 1-3 at PageID 36.) On December 29, 2022, the Court (1) dismissed the complaint for failure to state a claim to relief, (2) granted leave to amend within twenty-one days, and (3) directed Toliver to notify the Court in writing of Toliver's current address. (ECF No. 8 (the "Screening Order").)

Toliver's deadline to amend was January 29, 2023. On January 17, 2023, Toliver filed (1) a motion for extension of time to amend (ECF No. 9 (the "First Motion For Extension")) and (2) a notice of his current address at the Shelby County Correctional Facility (the "SCCF") in Memphis, Tennessee (ECF No. 10). On April 7, 2023, the Court granted the First Motion For Extension. (ECF No. 11 (granting leave to amend on or before April 21, 2023).)

On May 5, 2023, Toliver filed a motion to forfeit the case unless he received another extension of time to amend. (ECF No. 12 (the "Second Motion For Extension").) In the Second Motion For Extension, Toliver alleged that he received the Court's April 7, 2023 Order at the SCCF on April 17, 2023. (*Id*. at PageID 81.) On June 9, 2023, the Court granted leave to amend on or before June 30, 2023. (ECF No. 14 ("June 9 Order").) On June 9, 2023, the Clerk of Court mailed the June 9 Order to Toliver at the SCCF.

In the Pending Motion, Toliver alleges that he received the Court's June 9 Order on June 16, 2023. (ECF No. 15 at PageID 89.) Toliver alleges that he is "making every possible effort to … amend the complaint." (*Id*.) The Pending Motion is construed as Toliver's third request for an extension of time to amend the complaint.

In the Pending Motion, Toliver also seeks "a copy of Plaintiff's Motion For Discovery." (*Id*.) The Pending Motion is construed to allege that Toliver needs a copy of his "Motion For Discovery" to amend his complaint. (*See id*.) Toliver, however, has never filed a "Motion For Discovery" in this case. Other than referring vaguely to the never-filed "Motion For Discovery", Toliver does not provide any reasons for purportedly requiring more time to amend the complaint.

2

In the June 9 Order, the Court had notified Toliver that no further extensions of time to amend would be granted without a demonstration of good cause. (ECF No. 14 at PageID 87.) In the Pending Motion, Toliver does not explain why he was unable to file amended claims during the two week period between June 16, 2023 (*i.e.*, when he claims he received the June 9 Order) and June 30, 2023 (*i.e.*, the deadline to amend as set forth in the June 9 Order). Toliver has had ten months to amend the complaint in this case. (*See* ECF No. 8.)

On July 27, 2023, Toliver filed a letter with the Court, alleging that he had "mailed off the amended complaint[,] but [it] was returned." (ECF No. 18 at PageID 106.) Toliver's statement is difficult to comprehend, because the untimely Amended Complaint, which Toliver mailed from the SCCF on July 7, 2023, was received by the Clerk of Court on July 11, 2023. (ECF No. 16-1 at PageID 103.) Responsibility for the Amended Complaint's untimeliness is Toliver's, not the SCCF's or the United States Postal Service's.

Toliver has failed to show good cause for his failure to comply with the June 9 Order. Toliver has not demonstrated good cause for a third extension of time to amend. The Pending Motion (ECF No. 15) is **DENIED** to the extent Toliver seeks a third extension of time to amend the complaint.

The Pending Motion is **DENIED** to the extent Toliver seeks a copy of a "Motion For Discovery" because he has never filed any such motion in this case.

The Amended Complaint (ECF No. 16) is **DISMISSED WITH PREJUDICE** for Toliver's failure to prosecute and failure to comply with the Court's June 9 Order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss

3

*sua sponte* a lawsuit for failure to prosecute"); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court") (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)).

## II.     AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also* Brown v. R.I., 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").  Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).  The Court previously granted leave to amend the complaint (*see* ECF No. 8) and two extensions of time to do so (*see* ECF Nos. 11 & 14).  The Court **DENIES** further leave to amend because Toliver has failed to prosecute the case and has failed to comply with the June 9 Order.

## III.    APPELLATE ISSUES

The Court also considers whether to allow leave to appeal this decision *in forma pauperis*. A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a).  *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999).  Rule 24(a) provides that if the District Court permits a party to proceed *in forma pauperis* in that Court, that party may also proceed on appeal *in forma pauperis* without further

4

authorization unless the District Court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." If the District Court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is if the litigant seeks appellate review of any issue that is not frivolous. *Id*. On that basis, it would be inconsistent for a District Court to determine that a complaint should be dismissed before service on the defendants but finds enough merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to prosecute and failure to comply with the Court's June 9 Order also support the conclusion that an appeal by Toliver would not be taken in good faith.

The Court therefore **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Toliver would not be taken in good faith. The Court **DENIES** leave to proceed on appeal *in forma pauperis*. If Toliver appeals, he must pay the full $505 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

V.      **NOTICE OF STRIKE RECOMMENDATION**

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Toliver's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996

F.3d 350, 353 (6th Cir. 2021); *see also* ECF No. 8 at PageID 71 ("If Plaintiff fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment").

**IT IS SO ORDERED**, this 17th day of November, 2023.

/s/ *John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE